UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BOOKMYER,

    Plaintiff,
v.                                    Hon. Sally J. Berens

COMMISSIONER OF              Case No. 1:22-cv-1004
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social

security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff filed applications for DIB and SSI on April 22, 2020, alleging that he became disabled as of January 1, 2017, due to post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder, bipolar II disorder, hypertension, and diabetes mellitus – type 2. (PageID.110–11, 126–27, 282–97.) Plaintiff later amended his alleged onset date to October 31, 2019. (PageID.47, 453.) Plaintiff was age 52 at the time of his alleged onset date. (PageID.110.)

He had four or more years of college. (PageID.317.) Plaintiff had past work as a commercial cleaner, a sales attendant, and a salesperson. (PageID.54, 317.) Plaintiff's applications were denied initially and on reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ).

ALJ Colleen M. Mamelka conducted a hearing by telephone on August 18, 2021, and received testimony from Plaintiff and Lauren E. Petkoff, an impartial vocational expert (VE). (PageID.63–104.) On August 31, 2021, the ALJ issued a written decision finding that Plaintiff was not disabled from his alleged onset date through the date of the decision. (PageID.47–56.) The Appeals Council denied Plaintiff's request for review on September 6, 2022 (PageID.32–35), making ALJ Mamelka's August 31, 2021 decision the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007).

Plaintiff initiated this action for judicial review on October 27, 2022.

**Analysis of the ALJ's Opinion**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff met the insured status requirements of the Act through December 31, 2021, and had not engaged in substantial gainful activity since his amended alleged onset date of October 31, 2019, the ALJ found that Plaintiff suffered from the following severe impairments: (1) depression; (2) bipolar disorder; (3) generalized anxiety disorder; and (4) borderline personality disorder. (PageID.49–50.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ specifically considered listings 12.04, 12.06, and 12.08 pertaining to

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

Plaintiff's mental impairments. As for the "paragraph B" factors applicable to those listings, the ALJ found that Plaintiff was moderately limited in all of the broad areas of functioning: understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; interacting with others; and adapting or managing oneself. (PageID.50–51.)

The ALJ then determined that Plaintiff retained the capacity to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [H]e can perform simple, routine tasks with occasional simple, work-related decisions and routine workplace changes. He can have no direct interaction with the general public and occasional interaction with coworkers and supervisors. He cannot tolerate a noise level above three (3).

(PageID.51–52.)

At step four, the ALJ determined that Plaintiff could perform his past relevant work as a commercial cleaner, DOT Code 381.687-014, both as actually and generally performed. (PageID.54.) The ALJ also found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including stores laborer, industrial cleaner, and counter supply worker, totaling 938,000 jobs. (PageID.55.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant' ").

## Discussion

Plaintiff raises two errors on appeal: (1) the RFC does not include work-related limitations consistent with the opinions of NP Bedells, which the ALJ found to be persuasive; and (2) the RFC does not account for the moderate limitations in concentration, persistence, and pace set forth in the ALJ's step-three analysis.

I.  **NP Bedells's Opinion**

The ALJ evaluated the medical opinions pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5). The ALJ must explain his or her consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.l520c(b)(2) and (3), 416.920c(b)(2) and (3). The regulations explain "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

On August 6, 2021, Krista A. Bedells, N.P., issued a Treating Source Statement-Psychological Conditions, in which she opined that Plaintiff was moderately to markedly limited in his ability to understand, remember, or apply information; moderately limited in his abilities to interact with others and to adapt or manage oneself; and moderately to markedly limited in his

6

ability to concentrate, persist, or maintain pace. (PageID.841–42.) Ms. Bedells also opined that Plaintiff would be "off task" 20 percent of the workday and would miss one day per month due to his impairments. (PageID.843.) The ALJ evaluated Ms. Bedells's opinion as follows:

> I am persuaded by the opinion of Krista Bedells, NP (Ex. 16F) with regard to a finding of some moderate limitations; however, this opinion appears to largely rely on the claimant's subjective reporting and is inconsistent with generally unremarkable mental status examinations throughout the record and stability with prescribed treatment. A finding of marked limitations is inconsistent with treatment records, including this source's own records (Ex. 5F, 6F, 9F, 15F, 17F).

(PageID.53.)

The ALJ clearly found Ms. Bedells's opinion persuasive only with regard to her opined moderate limitations. Plaintiff does not take issue with the ALJ's observations that the opinion was largely based on his subjective reports and was inconsistent with his generally unremarkable mental status examinations throughout the record and his stability with adherence to medication. A review of the record and the opinion confirms that these findings are accurate and supported by substantial evidence. (*See, e.g.*, PageID.565–68, 582, 629, 818–19, 820–21, 839–41, 852–53.) Plaintiff also does not dispute that substantial evidence supports the ALJ's determination that marked limitations were inconsistent with hiss treatment records, including Ms. Bedells's own records.

Instead, Plaintiff contends that the ALJ failed to comply with SSR 96-8p, which explains that if an ALJ's RFC finding "conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184, at *7 (July 2, 1996). In particular, he contends that the ALJ failed to mention, or provide reasons for not adopting, Ms. Bedells's time-off-task and absence limitations. (ECF No. 10 at PageID.891.) He argues that the ALJ's discussion of moderate and marked limitations did not account for the time-off task and absence limitations, and, even if the ALJ permissibly found that portion of the opinion

7

unpersuasive, she should have given her reasons for that finding, as the ALJ did in *Andrea B. v. Commissioner of Social Security*, No. 3:22-cv-055, 2023 WL 128288, at *6 (S.D. Ohio Jan. 9, 2023). (*Id.* at PageID.892.)

The Commissioner responds that Plaintiff's view of the ALJ's analysis is "unreasonably narrow," and that "a fair reading of the analysis shows that the ALJ found all but the opined moderate limitations to be unpersuasive." (ECF No. 12 at PageID.904.) The Commissioner also points to the ALJ's statements that the opinion was largely based on Plaintiff's subjective reports and was inconsistent generally unremarkable mental status examinations in the record, as well as Plaintiff's stable condition, as supporting that, beyond some moderate limitations, the ALJ found the balance of the opinion unpersuasive. (*Id.* at PageID.903–04.)

As one court has observed, "an ALJ is not required to recite every limitation in an opinion, especially when the ALJ found the entire opinion to be not persuasive." *Bovenzi v. Comm'r of Soc. Sec.*, No. 1:20-CV-185, 2021 WL 1554566, at *11 (N.D. Ohio Jan. 28, 2021)*, report and recommendation adopted*, 2021 WL 1206466 (N.D. Ohio Mar. 31, 2021) (citing *Smith v. Comm'r of Soc. Sec.*, No. 3:18CV622, 2019 WL 764792, at *9 (N.D. Ohio Feb. 21, 2019), and *Purtty v. Comm'r of Soc. Sec. Admin.*, No. 1:13-CV-1204, 2014 WL 3510991, at *9 (N.D. Ohio July 10, 2014)); *see also Ballis v. Berryhill*, No. 5:17-CV-403, 2018 WL 3121620, at *10 (N.D. Ohio Feb. 26, 2018), *report and recommendation adopted*, 2018 WL 1531234 (N.D. Ohio Mar. 29, 2018) ("The ALJ determined that Dr. Neely's opinions were not consistent with the medical evidence, supported this conclusion with citations to the record, and was not required to specifically address every item considered in the opinions."). The issue, then, is whether the ALJ's discussion indicates that, with the exception of the moderate limitations, she found the balance of the opinion unpersuasive. The ALJ bookended her discussion of "this opinion" with

8

references to Ms. Bedells's moderate and marked limitation findings, and that could be read to suggest that her focus was limited to this area of the opinion. However, the better reading is that the ALJ's reference to "this opinion" referred to the entire opinion other than the moderate limitations.

Even assuming, arguendo, that the ALJ did err by not specifically addressing the time-off-task and absence limitations, any such error would be harmless because this portion of the opinion consisted of check-box answers with no supporting explanation or analysis. In other words, this portion of the "opinion is so patently deficient that the Commissioner could not possibly credit it." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). Even under the former "treating physician" rule requiring that an ALJ give good reasons for according a treating physician's opinion less than controlling weight, the Sixth Circuit made clear that check-box forms or answers without supporting explanation from a medical provider are of little use in determining a claimant's RFC. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 475–76 (6th Cir. 2016) (concluding that the ALJ's error in weighing the treating physician's opinion was harmless where the form, unaccompanied by any explanation, was "weak evidence at best" that "meets our patently deficient standard"); *accord Shepard v. Comm'r of Soc. Sec.*, 705 F. App. 435, 441 (6th Cir. 2017) (opinions "consist[ing] largely of one word answers, circles, and check-marks . . . have been characterized as 'weak evidence at best' that meets the 'patently deficient standard'" (quoting *Hernandez*, 644 F. App'x at 475)); *Toll v. Comm'r of Soc. Sec.*, No. 1:16-CV-705, 2017 WL 1017821, at *4 (W.D. Mich. Mar. 16, 2017) (finding the ALJ's failure to provide good reasons for not crediting the physician's opinion was harmless where the check-box opinion contained only a diagnosis and a statement about the plaintiff's reported side effects of his medication without any explanation as to how the diagnosis imposed severe restrictions on

his ability to work). Although the ALJ did not identify the check box format of the opined limitations as a basis to reject them, an ALJ's failure to cite a lack of explanation is no bar to a court's application of the harmless error doctrine. *See Gallagher v. Berryhill*, No. 5:16-cv-1831, 2017 WL 2791106, at *9 (N.D. Ohio June 12, 2017), *report and recommendation adopted*, 2017 WL 2779192 (N.D. Ohio June 27, 2017) (noting that the Sixth Circuit found harmless error in *Ellars v. Commissioner of Social Security*, 647 F. App'x 563 (6th Cir. 2016), even though the ALJ did not raise the check box format of the opinion as a reason for discounting it).

Accordingly, this argument lacks merit.

**II.     RFC Finding**

Plaintiff also contends that remand is warranted because the RFC does not account for the ALJ's step-three finding that Plaintiff is moderately limited in concentrating, persisting, or maintaining pace. For purposes of the listings, a limitation is "moderate" if the claimant's functioning in an area "independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00F.2.c. The ALJ found that, while Plaintiff presented with preoccupied thoughts and was distracted at times, the record demonstrated that he was no more than moderately limited in this area. (PageID.51.) To the extent that Plaintiff contends that the ALJ's RFC finding was required to mirror his step-three finding, the argument lacks merit. This is because, as the ALJ explained in her decision (*id.*), the "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings in 12.00 of the Listings of Impairments." SSR 96-8p, 1996 WL 374184, at *4. In other words, an ALJ is not required to include a paragraph B finding as part of her RFC determination. *Vaughan v. Comm'r of Soc. Sec.*, No. 1:13-cv-1266, 2015 WL 5691003, at *5 (W.D. Mich. Sept. 28, 2015); *Fellows v. Comm'r of Soc. Sec.*, No.

1:14-cv-506, 2015 WL 4134699, at *6 (W.D. Mich. July 8, 2015). Thus, "a [moderate] limitation is not synonymous with a specific functional restriction or RFC." *Haggard v. Berryhill*, No. 3:17-CV-99, 2018 WL 6003862, at *8 (E.D. Tenn. Nov. 15, 2018); *see also Pinkard v. Comm'r of Soc. Sec. Admin.*, No. 1:13-cv-1339, 2014 WL 3389206, at *10 (N.D. Ohio July 9, 2014) ("Hence, the ALJ was correct in finding that Plaintiff had moderate limitations in evaluating her mental impairment under the listings at step three of the sequential evaluation process, and in not including a 'moderate limitation in concentration, persistence, and pace' in his residual functional capacity finding at steps four and five. At step four of the sequential evaluation process, the ALJ correctly considered the effect of Plaintiff's symptoms on her concentration, persistence, and pace when he allowed Plaintiff to be off task five percent of the time.").

The pertinent question, then, is whether the ALJ's RFC assessment properly accounted for Plaintiff's mental limitations. To address Plaintiff's issues with concentration, persistence, or maintaining pace, the ALJ limited Plaintiff to simple, routine tasks; occasional, simple, work-related decisions; routine workplace changes; no direct interaction with the general public; occasional interaction with coworkers and supervisors; and no noise above level three. (PageID.51–52.) This finding, as discussed above, is supported by substantial evidence in the record. Plaintiff does not dispute this point, but instead cites several cases from the Eastern District of Michigan for the proposition that a limitation to "simple routine tasks" may, in some instances, fail to capture a claimant's moderate limitation in concentration, persistence, or maintaining pace. (ECF No. 10 at PageID.893–94 (citing, among others, *Hicks v. Comm'r of Soc. Sec.*, No. 10-cv-13643 2011 WL 6000714 (E.D. Mich. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 6000701 (E.D. Mich. Nov. 28, 2011)).) On the other hand, as the Commissioner notes, numerous cases from the Sixth Circuit, as well as from this district,

11

have held that limitations similar to those the ALJ included in Plaintiff's RFC here adequately addressed the claimant's moderate limitations in concentration, persistence, or maintaining pace. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (concluding that a "limitation to simple, routine, and repetitive tasks" adequately accounted for the plaintiff's "moderately-limited ability 'to maintain attention and concentration for extended periods'"); *Wood v. Comm'r of Soc. Sec.*, No. 19-1560, 2020 WL 618536, at *2–4 (6th Cir. Jan. 31, 2020) (RFC limitation to "performing simple and routine tasks" was not inconsistent with ALJ's step three finding that the plaintiff had moderate limitations in concentration, persistence, and pace because the plaintiff failed to show that the evidence warranted additional limitations); *Farmer v. Comm'r of Soc. Sec.*, No. 1:20-cv-562, 2022 WL 2526946, at *3–4 (W.D. Mich. July 7, 2022) (additional limitations not warranted as limitation to "simple, routine, repetitive work" fully accounted for moderate limitations in concentrating, persisting, or maintaining pace); *Johnson v. Comm'r of Soc. Sec.*, No. 1:19-cv-1024, 2021 WL 1085006, at *3, 5–6 (W.D. Mich. Mar. 22, 2021) (limitation to "simple, routine and repetitive tasks" and "simple work-related decisions with normal break[s]" properly accounted for the plaintiff's moderate mental limitations); *Hycoop v. Comm'r of Soc. Sec.*, No. 1:15-CV-795, 2016 WL 4500794, at *3 (W.D. Mich. Aug. 29, 2016) ("[T]he ALJ found that Plaintiff had only moderate limitations with regard to concentration, persistence or pace. Such limitations could be accommodated by performing 'simple, routine work.'" (record citation omitted)).

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* SSR 96-8P, 1996 WL 374184 at *1 (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8

hours a day, for 5 days a week, or an equivalent work schedule"). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. § 404.1545(a)(3). Here, the ALJ found that the limitations set forth above sufficed to account for Plaintiff's moderate limitations in concentration, persistence, and maintaining pace, as progress notes from Plaintiff's providers were "typically unremarkable" and Plaintiff had reported that his medications were effective in controlling his symptoms. (PageID.53–54.) Plaintiff points to no evidence in the record that he is more limited than the ALJ found. His citation to the VE's testimony in response to counsel's question incorporating Ms. Bedells's opined time-off-task limitation (PageID.101) is not substantial evidence for the reasons set forth above.

In sum, Plaintiff fails to meet his burden of showing that he is more limited than what the RFC assessed. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of a disability.") This argument thus lacks merit.

## Conclusion

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

An order consistent with this opinion will enter.

Dated: March 27, 2023                                    /s/ Sally J. Berens
                                                                                     SALLY J. BERENS
                                                                                     U.S. Magistrate Judge